IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY MCCUBBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cv-00045-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Tammy McCubbin petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including degenerative disc disease of the lumbar spine, obesity, and degenerative joint disease of the right knee, but retained the residual functional capacity to perform work as a wire wrapper, production checker, and printed circuit board inspector.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on April 25, 2012, alleging a disability onset date of August 1, 2011. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denial to an ALJ. On September 27, 2013, the ALJ held a hearing and on October 17, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 20, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ improperly: (1) found that her diabetes mellitus was not a medically determinable impairment; (2) weighed the medical evidence; and (3) assessed Plaintiff's credibility. These arguments are without merit.

**I.    The ALJ's finding that Plaintiff's diabetes mellitus was not a medically determinable impairment is supported by substantial evidence on the record as a whole.**

First, Plaintiff argues the ALJ's finding that her diabetes mellitus was not a medically determinable impairment was not supported by substantial evidence. Pl.'s Br. at 15-17 (Doc. 8).

At Step Two of the evaluation process, the ALJ must determine whether Plaintiff has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The ALJ found Plaintiff's diabetes mellitus to be a non-medically determinable impairment due to a lack of evidence on the record. R. at 17. Specifically, Dr. Sidney Cantrell, D.O. ("Dr. Cantrell") found that Plaintiff's hemoglobin A1c test[2] reported levels consistent with diabetes on March 15, 2013. R. at 501. In July of 2013, Plaintiff's hemoglobin A1c test reported glucose levels lower than those consistent with diabetes. R. at 515. Therefore, the single finding of diabetes mellitus Plaintiff points to on the record does not meet the duration requirement of 20 C.F.R. § 404.1509. Even if Plaintiff had a medically determinable impairment of diabetes, impairment was not severe. In particular, the record reflects Plaintiff's condition

---

the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Hemoglobin A1c levels measure "how much sugar has been in a person's blood during the past two to four months. It is used to monitor the effectiveness of diabetes treatment." Nancy J. Nordenson & Teresa G. Odle, 3 *The Gale Encyclopedia of Medicine* 1910 (4th ed. 2011). Normal hemoglobin levels are between 4.0-6.0%. *Id.* at 1911.

responded to medication.  R. at 501 (prescribing Metformin[3]); R. at 515 (reporting hemoglobin A1c levels at 6.1%, lower than levels consistent with diabetes, four months after the prescription for Metformin); *see Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding the record supported ALJ's conclusion that migraines were not a severe impairment where the record reflected that claimant's headaches responded to medication).

Because Plaintiff failed to show her impairment lasted or was expected to last for a continuous period of at least twelve months and the record reflects her diabetes was responding to medication, substantial evidence supports the ALJ's finding that Plaintiff's diabetes mellitus was not a severe impairment.  The ALJ did not err at Step Two, so the Court need not consider Plaintiff's argument that the exclusion of diabetes mellitus from the list of severe impairments critically rendered the remaining steps of the evaluation process deficient.[4]

## II.     The ALJ properly weighed the medical evidence.

On the first page of her brief, Plaintiff implies an argument that the ALJ erred in giving very little weight to the opinion of her treating physician, Dr. Cantrell.  Pl.'s Br. at 1.  Dr. Cantrell opined in two separate opinions that Plaintiff was unemployable due to her impairments, which included severe lower back pain.  The ALJ gave these opinions little weight because Dr. Cantrell's opinions were inconsistent with the weight of the evidence in the record.  Plaintiff argues this was error.

"A treating physician's opinion does not automatically control, since the record must be evaluated as a whole."  *Medhaug v. Astrue,* 578 F.3d 805, 815 (8th Cir. 2009) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).  An ALJ "may discount or even disregard the

---

[3] Metformin is defined as "an oral hypoglycemic agent."  *PDR Medical Dictionary* 1101 (1st ed. 1995).

[4] As discussed below, the ALJ *did* consider Plaintiff's testimony regarding her coexisting impairments.  R. at 18, 20-21.  However, the ALJ then properly discounted Plaintiff's credibility.

opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (internal quotations omitted). Physician opinions that are internally inconsistent are entitled to less deference than they would otherwise receive. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Further, an ALJ is entitled to give less weight to a physician's opinion when it is based largely on the patient's subjective complaints rather than objective medical evidence. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (citing *Vandenboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005)).

Here, the ALJ determined that Plaintiff's physician, Dr. Cantrell, gave opinions that were internally inconsistent and conflicted with the weight of the evidence on the record. R. at 20, 423-27, 507-12. Specifically, the ALJ noted Dr. Cantrell's opinion concerning Plaintiff's need for a cane was inconsistent with the doctor's later report. R. at 20, 427 (indicating Plaintiff required a cane to walk due to lower back pain), 512 (indicating that, though Plaintiff's condition had progressed, she no longer required a cane to walk). The ALJ found no objective medical evidence or testing on the record to support Dr. Cantrell's opinions. For example, there are no magnetic resonance imaging scans of Plaintiff's spine, Plaintiff's electromyography ("EMG") tests were normal, and an X-ray showed only moderate degenerative changes. R. at 20, 341, 433, 452. The ALJ also considered the inconsistency between Dr. Cantrell's opinion that Plaintiff was limited to repetitive use of her hands and Plaintiff's testimony regarding her daily activities, which included sewing and taking care of children. R. at 20, 66-67, 230, 509.

For these reasons, the ALJ did not err in giving less weight to Dr. Cantrell's opinions.

5

### III. Plaintiff fails to impeach the ALJ's credibility analysis.

Finally, Plaintiff asserts the ALJ failed to take into account her complaints regarding the severity and limiting effects of her symptoms. Pl.'s Br. at 17. Plaintiff testified that she had pain in her neck, back, and left leg. R. at 62. She also testified that she was diabetic and that her hands go numb when she uses them. R. at 63, 65. The ALJ discounted Plaintiff's credibility. Plaintiff argues this was error.

In analyzing a claimant's subjective complaints, the ALJ takes into account any objective medical basis that should support subjective testimony of limitations and "all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and examining physicians." *Wright,* 789 F.3d at 853 (quoting *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Because the ALJ "is in a better position to gauge credibility and resolve conflicts in evidence," this Court will not substitute its opinion for the ALJ's where there is substantial evidence to support the outcome. *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Here, the ALJ gave several well-supported reasons for discounting Plaintiff's credibility. The ALJ took into consideration both the objective medical evidence on the record and Plaintiff's daily activities. For example, the ALJ specifically cited to inconsistencies between Plaintiff's testimony of extremity numbness and an EMG exam. R. at 18, 341. *See McMurray v. Astrue*, 376 F. App'x 650, 651 (8th Cir. 2010) (holding that a lack of objective medical evidence was a valid reason for discounting plaintiff's credibility). Though this exam only took into consideration the lower extremities, the ALJ also considered Plaintiff's daily activities, including the preparation of meals, sewing, providing for her own personal care, and using the computer. R. at 20. These were valid reasons for discounting Plaintiff's subjective complaints. *See*

*Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007) (ALJ may discount Plaintiff's subjective complaints if there are inconsistencies in the record as a whole). Plaintiff fails to impeach the ALJ's credibility analysis.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 8, 2016                       /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT